MIDDLESEX COUNTY COURT OF COMMON PLEAS.

SIFRI SHOE SHOPS, INCORPORATED, PLAINTIFF, v. RE-
GINA MAHLER AND MAURICE BRODY, DEFENDANTS.

Decided January 20, 1936.

For the motion, *Henry K. Golenbock.*

*Contra, Julius Kass.*

LYON, C. P. J.   The question involved in this case is set
forth in the brief of the attorney for the defendant as follows:
"The sole question for decision in this case is whether a
landlord, defendant in replevin, may re-replevin chattels
which he has previously distrained for rent, at the suit of the
tenant who has caused a writ of replevin to be issued in
accordance with the provisions of section 6 of the Distress
act.   2 *Comp. Stat., p.* 1940."

I do not think he may.   I have read the brief of the defend-
ant and do not find any case therein cited which is clearly in
support of that contention, nor can I find any case in New
Jersey which will support it.   I am inclined to think that
the reason for this is the very unusual situation of a landlord,
who has received a bond in a replevin action which practically
secured him for his rent, wanting the goods which he has
distrained.   I assume from what has been stated that in this
case it grows out of a desire of the landlord to obtain certain
store fixtures which cannot be conveniently removed.   Be
that as it may it cannot affect the legal question involved.

The reason for a replevin action in case of a distress is so
familiar and these actions are so common that I cannot see

in connection therewith what can be the legal justification for the landlord to re-replevin the goods.

When they have been taken into possession by the sheriff under a writ of replevin, they are not wrongfully in his possession. They are in custody of the law. To maintain an action of replevin it must be against one who unlawfully detains the goods and chattels. If the contention of the defendant in the case at bar is sound in that the statute by its term gives him the right to re-replevy from the sheriff, simply because the sheriff has goods that he wants or claims, then by the very same language it would give the tenant the right to re-replevy from the landlord and so on back and forth interminably. When a replevin suit is started it is the means of forming an issue between the parties as to the right of possession of the goods. The landlord is secured by his bond. The court in the action can give judgment as between the parties and all rights thereby can be conserved.

Certainly, the law does not look with favor upon unnecessary complicated litigation, which certainly would result from permitting the defendant in this case to start another replevin suit against his adversary in the other suit.

*Tiffany, on Landlord and Tenant* 2073, says as follows: "The effect of the giving of the replevy bond is to relieve the things distrained from the lien created by their seizure, to enable their owner to sell or encumber them, and to leave them free to be subjected to the satisfaction of creditors generally."

It may be contended that inasmuch as the replevy bond provides for the return of the goods and not for the payment of the rent this law does not apply. Whether it does or not in New Jersey, it does in those jurisdictions where a suit on the bond may be for recovery of damages in the event that the goods cannot be returned. It furthermore illustrates the principle of the reason for a replevy bond, which reason is entirely inconsistent with the theory advanced by the defendant in this case.

Furthermore, section 23 of our Replevin act (3 *Comp. Stat., p.* 4373) provides for the framing of an issue and a sheriff's jury to determine the amount due for the arrearages

of rent. This further supports the theory that the rights between the parties should be determined in the replevin suit brought by the tenant against the landlord.

In the case of *Sloan* v. *Poor,* 7 *N. J. Mis. R.* 197; 145 *Atl. Rep.* 469, the court holds that "where tenant, in action in replevin for furniture distrained by landlord, executed a bond conditioned for return of furniture, the landlord, after nonsuit of tenant, was entitled to recover on bond only the amount due from tenant with interest and costs, since landlord's right to possession of furniture was only for purpose of realizing therefrom the amount of debt due him for rent."

I do not think the landlord has the right to re-replevy the goods and chattels, and an order may be entered in accordance with these views.